IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CRIMINAL DIVISION |
| | : | |
| v. | : | No. 2:08-cr-00218-NBF |
| | : | All Defendants |
| PERRY E. LANDIS | : | |
| | : | |
| Defendant. | : | |

## WTAE'S PETITION TO INTERVENE
## AND MOTION FOR ACCESS TO JUDICIAL RECORD

Intervenor, Hearst-Argyle Stations, Inc. ("WTAE"), by and through its attorneys,

Buchanan Ingersoll & Rooney PC, hereby move this Honorable Court for an Order granting its

request to intervene in this action and granting access, for purposes of duplication, to the

audiotapes that were played in open court during the preliminary hearing on June 11, 2008

before Magistrate Judge Amy Reynolds Hay in the above-captioned matter. In support thereof,

WTAE avers:

1. On Wednesday, June 11, 2008, the U.S. Attorney played an audiotape involving

Defendant Perry E. Landis, arrested and charged with one count of selling a firearm to an

individual from another state, in connection with a long-term investigation into alleged militia

activity. The surveillance tape was played during Defendant Landis' preliminary hearing.

2. On the basis, *inter alia*, of the surveillance tape, Defendant was held for trial.

3. When the surveillance tape was played in open court it became a judicial record.

4. WTAE's reporter requested a copy of the audiotape or access to it for the purpose

of copying it. The FBI, which has custody of the tape, has refused to give it to him.

5.     WTAE respectfully moves this Court for an order permitting it to make a copy of the subject audiotape played in court and/or admitted into evidence in this case.

6.     The existence of the public's common law right of access to judicial proceedings and records is "beyond dispute." *Littlejohn v. BIC Corporation*, 851 F.2d 673 (3d Cir. 1988) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984). As the Court of Appeals for the Third Circuit has stated:

> Access means more than the ability to attend open court proceedings; it also encompasses the right of the public to inspect and copy judicial records. The right, which antedates the Constitution, is based upon both "historical experience and societal utility." ... Furthermore, the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness.

*Littlejohn*, 851 F.2d at 678 (citations omitted).

7.     The common law right of access "attaches to any document that is considered a judicial record." *U.S. v. Wecht*, 484 F.3d 194, 208 (3d Cir. 2007). With respect to evidence introduced at trial, "there is a strong presumption that material introduced into evidence at trial should be made" available for public access. *Littlejohn,* 851 F.2d at 678.

8.     This right of access further extends to audiotapes entered into evidence or played to the jury. *See United States v. Martin*, 746 F.2d 964 (3d Cir. 1984) (holding that media should have been provided access to audiotapes played to the jury during trial); *United States v. Criden*, 648 F.2d 814 (3d Cir. 1981) (media entitled to copy video and audiotapes played to the jury during criminal trial).

9.     As the Third Circuit stated in *Criden*:

> We hold that there is a strong presumption that material introduced into evidence at trial should be made reasonably accessible in a manner suitable for copying and broader dissemination.

10.     The Second Circuit has enunciated the rule governing access to tapes as follows:

> [T]here is a presumption in favor of public inspection and copying of any item entered into evidence at a public session of trial. *Once the evidence has become known to the members of the public, including representatives of the press, through their attendance at a public session of court, it would take the most extraordinary of circumstances to justify restrictions on the opportunity of those not physically in attendance at the courtroom to see and hear the evidence, when it is in a form that readily permits sight and sound reproduction.*

*In re: Application of National Broadcasting Co.*, 635 F.2d 945, 952 (2d Cir. 198) (emphasis added). *See also, United States v. Graham*, 257 F.3d 143 (2d Cir. 2001)(denying motion to seal audio and video tapes played in open court but not technically "admitted into evidence" and ordering dissemination of tapes to media).

11.     Here, the above-cited authorities establish that there is a public right to the evidence admitted in open court and that this right extends to audiotapes entered into evidence or played in an open proceeding. The force of these controlling authorities is magnified in this case because WTAE's reporter and other media representatives were present in the courtroom when the tape was played. Thus, the fact that the audiotape exists and the substance of its contents already has been and will continue to be reported. There is no legitimate reason why the public should not be able to hear for itself relevant portions of the tape that was played in open court. The law compels immediate access to judicial records in their original form precisely so that the public is not required to follow ongoing legal proceedings in a mediated fashion.

12.     The right of access ensures that "proceedings cannot be closed and/or access to judicial records denied unless specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." If the interest asserted is a criminal defendant's right to a fair trial, access may not be denied unless "specific findings are made demonstrating, first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and,

second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights." *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 13-14 (1986). "The First Amendment right of access cannot be overcome by the conclusory assertion that publicity might deprive the defendant of that right." *Id.* at 15.

13.     WTAE seeks to intervene in this matter so as to obtain access to the audiotape, which is a matter of great public concern, and to protect the public's right of access to and its right to publish information related to this matter.  The intervention is, therefore, appropriate. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780 (3d Cir. 1994)(intervention proper to seek access to judicial records).

WHEREFORE, WTAE respectfully requests that this Honorable Court permit it to intervene in this action and order that it be provided an opportunity to duplicate all audiotapes as soon as practicable after they are played in open court.

Respectfully submitted,

Dated:  June 12, 2008                    /s/ Susan A. Yohe_____
                                         Susan A. Yohe
                                         PA ID No. 32082
                                         BUCHANAN INGERSOLL & ROONEY PC
                                         Firm ID No. 038
                                         One Oxford Centre
                                         301 Grant St., 20th Floor
                                         Pittsburgh, PA  15219
                                         (412) 562-8485

                                         Counsel for Intervenor,
                                         Hearst-Argyle Stations, Inc.