# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 2:08-cr-218 |
| v. | ) | |
| | ) | |
| PERRY E. LANDIS, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is the MOTION FOR REVIEW OF PRETRIAL DETENTION STATUS (Document No. 47) filed by Defendant Perry Landis. The government has filed a response (Document No. 48). The Court has reviewed a transcript of the detention hearing conducted before Magistrate Judge Amy R. Hay on June 11, 2008. The motion is ripe for disposition.

The 2-count indictment in this criminal action alleges that, on two separate occasions, Landis unlawfully transferred destructive devices, namely explosive blasting caps similar in nature to grenades, in violation of 26 U.S.C. § 5861(e). If convicted, Landis faces a statutory maximum sentence of not more than ten years imprisonment at each count.

Defendant asks the Court to reconsider the detention order and to schedule a hearing. In summary, Landis contends that due to the expedited nature of the original detention hearing[1] he and his former attorney, William O. Schmalzried, could not reasonably have been prepared to present the evidence and circumstances regarding Landis' character, physical condition, family

---

[1] The Court notes that Landis made an initial appearance on June 9, 2008 and the detention hearing was held on June 11, 2008. The instant motion for reconsideration was not filed until January 29, 2009, over seven months later.

and community ties, employment, finances, past conduct, history of alcohol abuse and standing in the community. Landis further asserts that he was not found to be a flight risk by the Magistrate Judge.[2]

The government objects to Landis's request. The government asserts that although the charges in the indictment do not implicate membership in a militia, evidence of such involvement is of "utmost importance" in evaluating whether Landis should be detained. The government contends that Landis is both a danger to the community and a flight risk.

At the detention hearing, special agent Daniel Yocca testified that Landis was the sergeant-at-arms of the Brookville Tiger Militia. Tr. at 6. An informant told Yocca that Landis is a self-proclaimed "survivalist," who believes that he can "live on the land" for a long period of time, assisted by a network of people who are willing and able to hide him in underground tunnels, mine shafts, etc. Tr. at 29. Landis lives on a hillside that is difficult to assault. Tr. at 16. There is a cabin on Landis' property which is the headquarters of the militia with an "escape tunnel" to be used to defend against or escape from an assault by law enforcement officers. Tr. at 8. Landis stated that he was "not afraid of the police and when they come there, they get resistance." Tr. at 16. Defense counsel Schmalzried conceded at the detention hearing that "Mr. Landis talks a lot. He talks about blowing people up. He talks about whacking people. He talks about bombs. He talks about a lot of things that seem pretty crazy." Tr. at 35. For example, the record reflects that Landis indicated that a local magistrate in Clearfield County should be whacked (killed) by use of a suicide belt. Tr. at 13-14. Such a device was found during the search of Landis' home and/or cabin. Tr. at 15. On another occasion, Landis ranted that someone should "blink" (shoot) Governor Rendell. Tr. at 17. Defense counsel argued that

---

[2]In actuality, it appears that the Magistrate Judge did not reach this issue.

Landis' comments constituted either "puffing" or drunken ramblings. The government argued that Landis had the means and the munitions to make his hate speech a reality.

The Magistrate Judge agreed with the government and explained: "I cannot fathom what conditions the Court might possibly fashion and impose on this defendant that would ensure that he could not obtain and/or manufacture and/or use the dangerous weapons that we have heard discussed today . . . particularly considering his apparent association with other militia members." Tr. at 44. The Magistrate Judge concluded that the government had met its burden to establish by clear and convincing evidence that Landis was a danger to the community and ordered him to be detained pending trial. Tr. at 45.

The legal standards governing review of a magistrate judge's decision regarding pretrial detention were recently summarized as follows:

> This court exercises de novo review over the detention order entered by the magistrate judge. *See United States v. Delker*, 757 F.2d 1390, 1393-95 (3d Cir.1985). The magistrate judge's decision and reasoning is to be given careful consideration where a transcript of the detention hearing is available, *id.*, even though the standard of review removes any obligation to accord deference to the magistrate judge's findings and decision. *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir.1990). This court may make its independent determination based solely upon the evidence introduced at the prior hearing. *Delker*, 757 F.2d at 1395; *Koenig*, 912 F.2d at 1193 ("Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist."); *United States v. Torres*, 929 F.2d 291, 292 (7th Cir.1991) (district court may base its findings on transcript of the hearings before the magistrate judge). Of course, it may also consider any additional evidence or proffers submitted in conjunction with any supplemental proceedings.

*United States v. Farris*, 2008 WL 1944131, *7 (W.D. Pa. 2008).

De novo review does not require an additional evidentiary hearing. *United States v. Price*, 2008 WL 282347, *2 (W.D.Pa.2008), *citing United States v. Chagra*, 850 F.Supp. 354, 357 (W.D.Pa.1994) (court may incorporate the records of the proceedings and the exhibits before the

3

magistrate judge). The Court has reviewed the transcript of the proceeding conducted by Magistrate Judge Hay, considered the additional information and material set forth in Defendant's motion, and concludes that a hearing is not necessary under the circumstances. Landis was represented by counsel at the initial detention hearing and the evidence concerning his character, history, family and community ties, employment, etc., were obviously known to Landis at that time and could have been presented. There is substantial evidence in the detention hearing transcript to support the conclusion of the Magistrate Judge. Landis has expressed the intent to resist efforts to take him into custody and has the means (the cabin, the tunnel, the weapons, the survival skills, the associations) to do so. Moreover, Landis has taken at least some tangible steps to render plausible his threat to use a suicide belt to blow up a magistrate judge and encourage the shooting of the governor. The Court recognizes that Landis has not been charged with belonging to a militia organization, even though that clearly appears to be the case. However, the pretrial detention inquiry involves much more than just the nature of the offense charged. Under the facts and circumstances of this case, as reflected in the detention hearing transcript, no condition or combination of conditions of release would reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e).

In accordance with the foregoing, the MOTION FOR REVIEW OF PRETRIAL DETENTION STATUS (Document No. 47) filed by Defendant Perry Landis is **DENIED**. The Order of Detention Pending Trial dated June 11, 2008 is affirmed and shall remain in full force and effect pending trial which will be scheduled in the reasonably foreseeable future.

SO ORDERED this 18th day of February, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Margaret Picking, AUSA
Email: margaret.picking@usdoj.gov

Stephen B. Jarrett, Esquire
Email: codysbj@aim.com